**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JUSTINA ELENA OLIVERO,

Petitioner,

v.

UNITED STATES,

Respondent.

Criminal Case: PX-22-51
(Civil Action No.: PX-24-1357)

## MEMORANDUM AND ORDER

On May 6, 2024, pro se Petitioner Justina Elena Olivero filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the above-referenced criminal case. ECF No. 101. This Court directed the United States Attorney to respond to the Motion to Vacate. ECF No. 102. That response asserts that the Motion has been filed outside of the limitations period. ECF No. 106. The Court next granted Olivero additional time to reply but she never filed anything further. ECF 107. The Motion is fully briefed, and no hearing is necessary. For the following reasons the Motion to Vacate will be dismissed as untimely.

On February 11, 2022, the Government charged Olivero with bank fraud in violation of 18 U.S.C. § 1344 and aggravated identify theft in violation of 18 U.S.C. § 1028A. ECF No. 60. Within a month, Olivero pled guilty to both offenses pursuant to a plea agreement. ECF No. 66. The Court sentenced Olivero on November 15, 2022, to 51 months' imprisonment followed by five years' supervised release. ECF No. 97. Olivero did not appeal the conviction or sentence. On November 29, 2022, Olivero was released from Bureau of Prisons' custody. ECF No. 106-1.

Olivero now urges the Court to vacate her sentence because she suffers from medical ailments and was sexually assaulted in prison. ECF No. 101 at 5-6. Because the Motion is untimely, it must be dismissed**.**

A motion to vacate brought under 28 U.S.C. § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). But, to be entitled to equitable tolling, the movant must establish either that some wrongful conduct by the Government contributed to the delay in filing the motion to vacate, or that circumstances beyond the movant's control caused the delay. *See Harris*, 209 F.3d at 330. Generally, the movant must show that she has been diligently pursuing her rights and some extraordinary circumstance prevented her from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Olivero never appealed the judgment issued on November 15, 2022, and so her conviction became final 14 days later. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of...entry of [ ] the judgment[.]"). *See also Clay v. United States*, 537 U.S. 522, 532 (2003). Accordingly, Olivero had to file her Motion to Vacate on or before November 29, 2023. *See id*. at 525 ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). She waited until May 6, 2024, with no explanation for the delay. Thus, the motion is untimely and must be dismissed.

Where a motion is dismissed solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Based on the foregoing analysis, a certificate of appealability shall not issue. Olivero may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Accordingly, it is this 17th day of September, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Vacate (ECF No. 101) IS DENIED and DISMISSED;
2. The Motion to Reduce Sentence (ECF No. 99) is DENIED as MOOT as Olivero has been released from custody;

3. A certificate of appealability SHALL NOT issue;
4. The Clerk SHALL PROVIDE a copy of this Memorandum and Order to Olivero and to counsel for Respondent; and
5. The Clerk SHALL CLOSE the case at 24-cv-1357-PX.

/s/
Paula Xinis
United States District Judge